IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA P., individually and as guardian of Sean P.,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and LOCKHEED MARTIN CORPORATION GROUP BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 12)**<br><br>Case No. 2:18-cv-00216-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On August 8, 2018, Plaintiff Melissa P. filed a Motion for Leave to File Amended Complaint ("Motion") to state her claim under the Mental Health Parity and Addiction Equity Act ("Parity Act") more clearly. (ECF No. 12.) Defendants Aetna Life Insurance Company and Lockheed Martin Corporation Group Benefits Plan (collectively, the "Aetna Defendants") argue this Court[1] should deny Ms. P.'s Motion as futile. (Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Opp'n") 2, ECF No. 14.) After considering the parties' briefing and oral argument, the Court GRANTS Ms. P.'s Motion for Leave to File an Amended Complaint.

**STANDARD**

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may refuse to

---

[1] On April 12, 2018, District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636 (b)(1)(A). (ECF No. 5.)

1

grant "leave to amend only for such reasons as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" U.S. ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). In considering futility, the Court employs the motion to dismiss standard and takes all well-pled factual allegations as true. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992) (stating "[t]he district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.") (quoting Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990)).

## FACTUAL AND PROCEDURAL HISTORY

On March 12, 2018, Plaintiff Melissa P. filed a Complaint alleging the Aetna Defendants violated 29 U.S.C. §§ 1104 and 1133 when they failed to pay for her son's medically necessary treatment. (Compl., ¶¶ 48–54, ECF No. 2.) The Proposed Amended Complaint alleges the following facts. Ms. P. participates in the Lockheed Martin Corporation Group Benefits Plan ("the Plan"); her son Sean is a beneficiary. (Proposed Am. Compl. ("Am. Compl.") ¶ 4, ECF No. 13.) The Employee Retirement Income Security Act of 1974 ("ERISA") governs the Plan. (Id. at ¶ 3.) Aetna Life Insurance Company ("Aetna") "is the third-party claims administrator for the Plan" who

"denied claims for coverage in connection with mental health care provided to Sean." (Id. at ¶ 7.)

Sean received mental health treatment from Elevations/Seven Stars Residential Treatment Center ("Elevations"). (Id. at ¶ 5.) Aetna denied coverage for that treatment after November 23, 2016 because Sean "'was not in psychiatric crisis and not suicidal, violent, manic, psychotic, severely depressed or cognitively impaired.'" (Id. at ¶ 33 (quoting May 1, 2017 letter to Ms. P. from Aetna).) Ms. P. alleges Aetna "incorrectly applied criteria for acute care" to deny payment for Sean's mental health treatment, when Aetna should have applied the standard for sub-acute care because Sean was admitted to a residential treatment facility. (Id. at ¶ 38.) Aetna upheld its denial of Sean's treatment at Elevations on the same basis as its original denial (id. at ¶ 47), and Ms. P. filed suit.

On May 10, 2018, the Aetna Defendants responded to Ms. P.'s Complaint by asserting "they complied with all of their ERISA obligations with respect to the claims alleged" and also denied Ms. P.'s allegations. (Answer ¶¶ 48–54, ECF No. 7.) On August 3, 2018 the Court entered a Scheduling Order setting August 10, 2018 as the final date to file a Motion to Amend Pleadings. (Scheduling Order 2, ECF No. 11.) On August 8, 2018, Ms. P. filed the instant Motion (Mot., ECF No. 12) and an Errata to her Motion containing her Proposed Amended Complaint (see Errata to Mot. to Amend ("Errata"), ECF No. 13). On August 22, 2018, the Aetna Defendants filed their Opposition to Ms. P.'s Motion. (Opp'n, ECF No. 14.) On September 5, 2018, Ms. P filed her Reply. (Pls.' Reply to Defs.' Mem. in Opp'n to Pls.' Mot. for Leave to File Am. Compl. ("Reply"), ECF No. 15.) On October 4, 2018, the Aetna Defendants filed a

Notice of Supplemental Authority in Opposition to Ms. P.'s Motion. (Defs.' Notice of Supp. Authority in Opp'n to Pl.'s Mot. for Leave to File Am. Compl., ECF No. 18.) On October 5, 2018, the undersigned held a hearing on Ms. P's Motion. (See Minute Entry, ECF No. 19.)

**DISCUSSION**

Ms. P. filed a minimalist Motion asserting simply the "desire to more fully and thoroughly articulate her allegation that, among other things, the [Aetna] Defendants have violated the Mental Health Parity and Addiction Equity Act in denying coverage for her son, Sean's, medical treatment." (Mot. 1, ECF No. 12.) In support of her Motion, Ms. P. cited to Rule 15(a)(2) and contended this Court should allow her to file her Proposed Amended Complaint on the grounds a "court should freely give leave when justice so requires." (Mot. 2, ECF No. 12.) Ms. P's Errata included only the Proposed Amended Complaint. (Errata, ECF No. 13). The Aetna Defendants complain that Ms. P. failed to identify how justice warrants the amendment, what changes she proposed to her Complaint, or any legal or factual basis for granting her Motion. (Opp'n 2, ECF No. 14.) However, the Aetna Defendants' real objection is that this Court should deny Ms. P. leave to add a second cause of action alleging a violation of the Parity Act because amendment would prove futile. (Id. at 3–8.) While Ms. P's Motion should have more clearly set forth the nature and basis of the amendment, the parties adequately briefed and argued the issue, and further amplification would not advance the just, speedy, and inexpensive resolution of the case.

The Aetna Defendants assert paragraphs 54–58 of Ms. P.'s Proposed Amended Complaint only contain conclusory allegations and fail to provide any factual allegations

4

to support her claim. (Opp'n 4–5, ECF No. 14.) The Aetna Defendants further contend, to the extent Ms. P. alleges a violation of the Affordable Care Act ("ACA"), amendment would prove futile because the ACA does not establish a private right of action. (Id. at 5.) Lastly, the Aetna Defendants argue Ms. P.'s Parity Act claim would prove futile because she fails to "identify any treatment limitation that does not apply equally to mental health and medical/surgical coverage." (Id. at 6.) In her Reply, Ms. P. asserts she does not allege an ACA claim and requests the Court to consider her Proposed Amended Complaint in its entirety. (Pls.' Reply to Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Reply") 2–3, ECF No. 15.) Upon reviewing her Proposed Amended Complaint, the Court concludes amendment would not prove futile.

"'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)). To survive a motion to dismiss, a plaintiff need only plead as much of her prima facie case as possible based on the information in her possession. See Khalik v. United Air Lines, 671 F.3d 1188, 1193-94 (10th Cir. 2012) (acknowledging plaintiff may not know all details of her claim against a large corporation at the pleading stage but requiring plaintiff to plead the facts in her possession that make her claim plausible). "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Id. at 1193.

Although Ms. P.'s proposed paragraph 38 describes an appeal letter she wrote Aetna, it includes content that when read in conjunction with paragraphs 57 and 58 sets forth a plausible Parity Act claim. The crux of Ms. P.'s Parity Act claim, as clarified at

5

the motion hearing, centers on her contention that skilled nursing facilities, rehabilitation hospitals, or hospice care provide the analogue to residential treatment. She further asserts the denial letter in this case shows Aetna denied her son's claim based on criteria that only applies for acute level care, and Aetna would not apply and has not applied these criteria to subacute care in the physical health context.

The Aetna Defendants cite <u>Welp v. Cigna Health & Life Ins. Co.</u>, No. 17-80237-CIV, 2017 WL 3263138 (S.D. Fla. July 20, 2017) (unpublished), where the Court held: "[t]o properly plead a Parity Act violation resulting from the denial of the wilderness program's coverage, the first thing Plaintiff[s] must do is correctly identify the [plan's] relevant limitation … [and] Plaintiff must then allege a flaw in this limitation based on a comparison to a relevant [medical/surgical treatment] analogue." (Opp'n 6, ECF No. 14 (quoting <u>Welp</u>, 2017 WL 3263138, at *5).) Ms. P. distinguishes her case from <u>Welp</u> in two respects: (1) she identifies the disparity in treatment coverage in paragraphs 38, 43, 57–59 of her Proposed Amended Complaint, and (2) she "identifies the analogous levels of sub-acute inpatient care on the medical/surgical side to the wrongly denied benefits for residential treatment at Elevations." (Reply 6–7, ECF No. 15.) The Court agrees with Ms. P. and finds the Aetna Defendants' reliance on <u>Welp</u> unpersuasive.

The Parity Act Regulations prohibit a group health plan from imposing nonquantitiatve treatment limitations

> with respect to mental health … benefits in any classification unless, under the terms of the plan … <u>as written and in operation</u>, any processes, strategies, evidentiary standards, or other factors used in applying the nonquantitative treatment limitation to mental health … benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical/surgical benefits in the classification.

6

29 C.F.R. § 2590.712(c)(4)(i) (emphasis added). Clearly Ms. P has access to the plan, and if she claimed disparity in the plan itself, she should be able to allege as much at the pleading stage. However, the Parity Act also requires equal operation of the plan. At oral argument, Ms. P. stated that in her June 28, 2017 level two appeal letter[2] she asked Aetna to send her its skilled nursing criteria so she could assess whether Aetna administered medical and surgical benefits under the Plan with restrictions similar to those imposed on mental health benefits. Ms. P. asserts Aetna did not give her the requested criteria. Without knowing the criteria Aetna relies on to evaluate the analogue to her son's claim for coverage, the Court cannot expect Ms. P. to allege the nonquantitative treatment limitations Aetna applied to those other services with specificity. To require more would prevent any plaintiff from bringing a mental health parity claim based on disparate operation unless she had suffered the misfortune of having her admission to a skilled nursing facility for medical reasons approved and her admission to a residential treatment facility denied and thus would have had personal experience with both standards.

The Proposed Amended Complaint alleges sufficient facts to make plausible the claim that Aetna requires acute symptoms prior to approving subacute care in the mental health realm when it would not do so in the physical health realm. If Ms. P can prove her claim, such a disparity would appear to violate the Act. Discovery will allow

---

[2] Ms. P. noted that while she refers to the appeal letter in paragraph 35 of her Proposed Amended Complaint, she failed to allege that she requested the criteria in her Amended Complaint. Her requests, however, is in her appeal letter.

7

Ms. P. to learn and compare the processes, strategies, evidentiary standards, and other factors Aetna used for sub-acute care in both realms.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. P. leave to file her Amended Complaint with the modifications offered at oral argument including stating her argument more succinctly and adding the fact she requested skilled nursing facility criteria but did not receive the information during the administrative process. Ms. P. must file her Amended Complaint within fourteen (14) days of entry of this Order.

DATED this 26th day of December, 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge